UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES EDWARD PERKINS,

    Plaintiff,

v.                                                           CASE NO: 810-cv-2414-T-26EAJ

JAMES CUMSTON, MICHAEL SCHUE,
BOBBY LEWIS, SHERIFF BRAD STEUBE,
DAVE BRISTOW, THE HOLMES BEACH
POLICE DEPARTMENT, and MANATEE
COUNTY SHERIFF DEPARTMENT,

    Defendants.
    _____/

**O R D E R**

    Plaintiff, a state prisoner proceeding *pro se*, has filed a civil rights action against all of the Defendants pursuant to 42 U.S.C. § 1983 in connection with alleged unconstitutional acts perpetrated against him prior to his acquittal for attempted murder in the second degree with a firearm.[1] Defendant Manatee County Sheriff's Department (the Sheriff's Department) has responded with a motion to dismiss Plaintiff's amended complaint, contending that it is not legally liable at law.[2] Because the well settled precedent of the Eleventh Circuit supports the Sheriff's Department's contention, the Court needs no response from Plaintiff to resolve the motion, and the motion is due to be granted. See Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir.

---

    [1] See docket 16.

    [2] See docket 33.

1992) (concluding "that the Jefferson County Sheriff's Department is not a legal entity and, therefore, is not subject to a suit or liability under [42 U.S.C.] § 1983.").

Additionally, the Court considers *sua sponte* whether another Defendant, the Holmes Beach Police Department, is a suable legal entity for purposes of § 1983 liability. A panel of the Eleventh Circuit in a case involving a § 1983 claim, citing to Dean, has determined that a Florida police department "was not a legal entity capable of being sued." Nettles v. Pensacola Police Dep't, 2011 WL 1408898, *1, n.1 (11th Cir. 2011) (citing Dean, 951 F.2d at 1214). Thus, this Defendant is likewise dismissed from this case.$^{3}$

Accordingly, it is ordered and adjudged as follows:

1) The Motion to Dismiss (Dkt. 33) is granted.

2) The Manatee County Sheriff's Department is dismissed from this case and terminated as a Defendant.

3) The Holmes Beach Police Department is dismissed from this case and terminated as a Defendant.

**DONE AND ORDERED** at Tampa, Florida, on June 3, 2011.

        s/*Richard A. Lazzara*
        **RICHARD A. LAZZARA**
        **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

$^{3}$   The result would be the same even if the Court liberally construed the defendant as the City of Holmes Beach because, as in Nettles, Plaintiff has failed to allege that any constitutional violation occurred as a result of the policies or customs of that city.